# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILMA L. JOHNSON, § § *Plaintiff*, § § v. § § AIR LIQUIDE LARGE INDUSTRIES § U.S. L.P., § § *Defendant*. § | Case No. 2:18-CV-259-WCB |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Air Liquide Large Industries U.S. L.P.'s ("Air Liquide") Motion for Inspection of Third Party Premises, Dkt. No. 62. The motion is DENIED.

## BACKGROUND

On September 4, 2019, after the close of discovery, defendant Air Liquide filed a motion to be allowed to enter third-party premises in order to conduct measurements and take photographs of a feature on the outside of a building on those premises. The building houses a company known as "Neutral Posture," which is owned by the wife and daughter of the plaintiff's safety expert, Dr. Jerome Congleton. *See* Dkt. No. 62-2, Exh. 2, at 73. Dr. Congleton's deposition was conducted in that building.

The proposed subject of the measurements and photographs is an alleged elevation change in the walkway leading to the Neutral Posture office building. As justification for its motion to inspect, Air Liquide contends that the sidewalk in question has an elevation change that is at least as great as the elevation change in the sidewalk at Air Liquide's premises where Ms. Johnson tripped and fell. Air Liquide notes that Dr. Congleton stated in his report that Air Liquide "doubtlessly (with reasonable certainty) possessed clear constructive (if not actual) knowledge of

1

such change in elevation defects." Dkt. No. 62-1, Exh. 1, at 31. Yet Dr. Congleton testified at his deposition that he had never noticed the irregularity in the sidewalk at his own offices, even though he "has been walking into the building for more than 30 years." Dkt. No. 62, at 3; Dkt. No. 62-2, Exh. 2, at 72.

During Dr. Congleton's deposition, Air Liquide's counsel asked if Ms. Johnson's counsel and Dr. Congleton would allow a photograph to be taken of the alleged elevation change outside the front door of the Neutral Posture building. Dkt. No. 62-2, Exh. 2, at 72, 97. During their discussion, Dr. Congleton stated that he did not own the premises, which were owned by his wife and daughter. *Id.* at 73. Dr. Congleton also insisted that the change in elevation in front of the Neutral Posture building was "not over a quarter of an inch." *Id.* at 98–99. After further discussion, counsel for Ms. Johnson agreed to permit the elevation to be photographed and measured. *Id.* at 97–99. A photograph was taken, but the elevation change was not measured, apparently because a tape measure was not available. Dkt. No. 71-2, at 2.

According to Air Liquide, its counsel noticed another, much greater change in the elevation of the walkway as he was leaving the deposition. He asked Dr. Congleton and Ms. Johnson's counsel for permission to photograph the second elevation change, but Ms. Johnson's counsel denied the request. Dkt. No. 62, at 3; Dkt. No. 62-3, Exh. 3, at 1; Dkt. No. 71-2, at 2. In a follow-up letter sent the following week, Air Liquide's counsel made a formal request of Ms. Johnson's counsel to allow Air Liquide to photograph and measure the elevation change on the premises of Neutral Posture. In the letter, counsel requested a response by the end of the day on which the letter was sent. Dkt. No. 62-3, Exh. 3, at 1. When a response was not received by that time, Air Liquide filed the present motion on the following day. Dkt. No. 62.

2

**DISCUSSION**

In its motion, Air Liquide seeks an order granting Air Liquide's "motion for inspection of third party premises" and "requiring Jerome Congleton and Plaintiff's counsel, Mike Ace, to allow Air Liquide to take additional photographs and measurements of the subject premises, the offices of Neutral Posture, located at 3904 North Texas Avenue, Bryant [sic: Bryan], TX 77803." Dkt. No. 62, at 1. As authority for its motion, Air Liquide cites Federal Rule of Civil Procedure 34. That rule, according to Air Liquide "allows a party to 'serve on any other party a request within the scope of Rule 26(b)' to enter 'onto designated land . . . so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.'" Dkt. No. 62, at 3–4.

The problem with Air Liquide's reliance on Rule 34 lies in the words Air Liquide left out of its quotation from Rule 34. The words omitted by the ellipsis in Air Liquide's motion read "or other property possessed or controlled by the responding party." Rule 34 thus applies only to requests to inspect, etc., land or property possessed or controlled *by a party to the lawsuit*. *See* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2208, at 139–40 & n.1 (3d ed. 2010) (Rule 34 "creates a device that may be used to obtain discovery only from parties to a pending action." It does not apply to "anyone who is not a party, even if a witness to the matter in dispute." Rule 34 does not allow discovery against a nonparty, "and it does not authorize independent actions for entry onto land."). Neutral Positions and the owners of the premises are not parties to this lawsuit. Rule 34 is therefore wholly inapplicable here.

There is a way to obtain access to property owned or controlled by a third party for purposes of inspection, and that is to proceed by subpoena pursuant to Rule 45 of the Federal Rules of Civil

Procedure, a point made in Rule 34 itself. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); 9A Wright et al., *Federal Practice & Procedure* § 2456 ("The subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials."); *OSReovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 90 (2d Cir. 2006) ("Non-parties are entitled to certain discovery procedures, such as receiving a subpoena, before they are compelled to produce documents."); *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("Rule 34(c) explicitly makes the subpoena process of Rule 45 the route to compelling production of documents from nonparties"). Rule 45 authorizes the issuance of a subpoena to a third party for various purposes, including to permit the inspection of premises. Fed. R. Civ. P. 45(c)(2) ("A subpoena may command: . . . (B) inspection of premises at the premises to be inspected."); *see also* Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring a subpoena to "command each person to whom it is directed to do the following at a specified time and place: . . . permit the inspection of premises.").

While Rule 45 provides a means of obtaining lawful access to third-party premises for purposes of inspection, Air Liquide has not invoked the Rule 45 procedures. Those procedures are entirely different from the procedures for obtaining discovery from a party. Importantly, the Rule 45 procedures not only provide notice to the opposing party, *see* Fed. R. Civ. P. 45(a)(4) ("Notice to Other Parties Before Service"), but also provide various protections to the affected nonparty. Those protections include an express obligation on the subpoenaing party to avoid imposing undue burden or expense on the person subject to the subpoena, *see* Fed. R. Civ. P. 45(d)(1) ("Avoiding Undue Burden or Expense; Sanctions"), and an opportunity for the

4

subpoenaed party to resist the subpoena or seek a modification of its terms, *see* Fed. R. Civ. P. 45(d)(2)(B) ("Objections"); Fed. R. Civ. P. 45(d)(3) ("Quashing or Modifying a Subpoena").

In addition, any motion by the serving party to compel production or inspection in accordance with the subpoena, or any motion to quash or modify the subpoena, or any other motion to compel a nonparty to comply with a discovery obligation, must be filed in the court for the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."); Fed R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that [has certain enumerated defects]."); Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). In this case, the proposed inspection would take place in in Bryan, Texas, which is in Brazos County. Brazos County is within the Southern District of Texas, not the Eastern District of Texas. Therefore, any motion to compel compliance with any subpoena to permit the inspection of the premises of Neutral Posture, or any motion to quash or modify any such subpoena, would have to be filed in the Southern District of Texas, not in this court.

Air Liquide's effort to use party discovery under Rule 34 in this instance, rather than a non-party subpoena under Rule 45, is not simply a case of a technical error in identifying the wrong authority for the discovery sought. Rather, Air Liquide's error impacts the substantial rights of the affected entities and the jurisdiction of this Court.

Although Ms. Johnson pointed out in her response to Air Liquide's motion for inspection of the Neutral Posture premises that Rule 34 was inapplicable because that Rule does not apply to the inspection of premises possessed or controlled by a non-party to the action, *see* Dkt. No. 70, at

5

2, Air Liquide did not directly respond to that argument in its reply brief, *see* Dkt. No. 71. Instead, Air Liquide argued that Ms. Johnson's counsel "assumed control over the at-issue premises and exercised authority without objection" when he permitted Air Liquide's counsel to take a photograph of one of the elevation changes on the walkway to the Neutral Posture building. To the extent that Air Liquide's observation is intended as an argument that counsel's agreement to permit a photograph to be taken of the walkway meant that Ms. Johnson "possessed or controlled" the premises, Fed. R. Civ. P. 34(a)(2), the argument is entirely unconvincing. Regardless of whether Ms. Johnson's counsel was authorized to permit the one photograph of the walkway to be taken, it is clear that Ms. Johnson does not possess or control the premises such that an order directed to her would authorize a further entry onto the Neutral Posture premises for purposes of photographing and measuring the elevation changes in the areas around the building.

Moreover, discovery in this case is now closed, and the time for filing motions to compel discovery has passed, so Air Liquide's discovery motion is out of time. Air Liquide argues that it did not discover the elevation change at the Neutral Posture site until August 29, 2019, the date of Dr. Congleton's deposition, and that it could not have been expected to seek inspection of the Neutral Posture premises before that date. *See* Dkt. No. 71, at 1–2. While that may be true, Air Liquide could have promptly sought an extension of the discovery period and served a subpoena on the owners of the Neutral Posture premises at that time, but it did not. Instead, during the ensuing two-week period, Air Liquide has pursued the procedurally erroneous approach of seeking an inspection of third-party premises under Rule 34. Air Liquide has therefore not taken the appropriate steps that might have justified permitting an extension of the discovery period for the limited purpose of an inspection of the Neutral Posture premises. Accordingly, the Court will

DENY Air Liquide's motion for an order authorizing the inspection of the premises where the Neutral Posture offices are located.

IT IS SO ORDERED.

SIGNED this 13th day of September, 2019.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE